1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

HEXAGON METROLOGY, INC.,

CASE NO. C22-5988 MJP

11

Plaintiff,

ORDER DENYING MOTION FOR
DEFAULT JUDGMENT AND
DISMISSING ACTION

12

v.

13

OMEGA MORGAN, INC.,

14

Defendant.

15

16     This matter comes before the Court on Plaintiff's Motion for Default Judgment. (Dkt. No.

17  12.) Having reviewed the Motion and all supporting materials, the Court DENIES the Motion

18  and DISMISSES this action without prejudice for lack of subject matter jurisdiction.

19                                    **BACKGROUND**

20     Plaintiff Hexagon Metrology, Inc. filed suit against Defendant Omega Morgan, Inc.,

21  seeking to recover for damages arising out of the loss of equipment stored at Omega's storage

22  facility in Fife Washington, in Pierce County. (Complaint (Dkt. No. 1).) Hexagon is a Delaware

23  company with its principal place of business in Rhode Island. (Id. ¶ 1.) Omega is also a Delaware

24

1  company with its principal place of business in Oregon. (Compl. ¶¶ 1-2.) Hexagon obtained

2  entry of default and now moves for default judgment.

### ANALYSIS

4         The Court finds that it lacks subject matter jurisdiction over this action and cannot grant

5  the relief sought. See <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999) (noting that

6  courts have an obligation to raise subject matter jurisdiction <u>sua sponte</u>). Hexagon invokes the

7  Court's subject matter jurisdiction under the diversity jurisdiction statute in 28 U.S.C. §

8  1332(a)(1), which requires complete diversity between the parties and an amount in controversy

9  exceeding $75,000. While the Court is satisfied that the amount in controversy exceeds the

10  threshold, the Court finds that the parties are not diverse. As alleged, both Plaintiff and

11  Defendant are incorporated in Delaware. Under the diversity statute, "a corporation shall be

12  deemed to be a citizen of any State by which it has been incorporated and of the State where it

13  has its principal place of business." 28 U.S.C. § 1332(c)(1). Although the two entities have

14  principal places of business in different states, they are citizens of the same state—Delaware—by

15  virtue of being incorporated there. The Court therefore cannot properly exercise diversity

16  jurisdiction over this action. The Court DENIES the Motion and DISMISSES this action without

17  prejudice.

18         The clerk is ordered to provide copies of this order to all counsel.

19         Dated July 17, 2023.

21         Marsha J. Pechman
           United States Senior District Judge